UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF TAFT, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00261 - AWI - JLT<br><br>ORDER DIRECTING PLAINTIFFS TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF THEIR WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 4) |

　　　　Darrell Archer and Keitha Darquea ("Plaintiffs") initiated this action by filing their Complaint and paying the requisite filing fee on February 23, 2012. (Doc. 1). On April 26, 2012, the Court screened Plaintiffs' Complaint, and dismissed it with leave to amend. (Doc. 3). Pursuant to the Court's order, Plaintiffs filed their First Amended Complaint on May 15, 2012. (Doc. 4). For the following reasons, the First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.　　Pleading Requirements**

　　　　General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**II.     Plaintiffs' Allegations**

Plaintiffs assert they own real property in the City of Taft ("the City"), located at 300 Lucard Street. (Doc. 4 at 9). Plaintiffs allege the corner property is large and contains three buildings,

including a three-apartment building, a two-car garage, and a two-story cottage. *Id.* According to Plaintiffs, they used a property manager and did not go to their property in Taft "for a few months at a time." *Id.* at 10. Plaintiffs allege they had been doing construction, and "had a stack of old lumber . . . , some metal sheeting and some smaller pieces of lumber being saved for when they returned to further their construction work." *Id.*

Plaintiffs contend defendant Jill Gipson, Code Enforcement Officer for Taft, "trespassed on [their] property for the purpose of posting a Code Violation Notice" on June 17, 2010. (Doc. 4 at 10). Ms. Gibson "mailed a certified letter of Notice of Violation . . . to Mary Meredith, a co-owner of the Lucard St. property, to the address of Plaintiffs." *Id.* at 10-11. Plaintiffs assert the letter was returned to Taft on July 12, 2010. *Id.* at 11.

According to Plaintiffs, Ms. Gibson and Joseph Burke, a contractor for the City, "trespassed on Plaintiffs' property, stole all the lumber, destroyed the large rock planter, [and] stole the components of it, without a warrant" on September 24, 2010. (Doc. 4 at 11). Plaintiffs allege Ms. Gipson filed "a Declaration of Substandard Property" with the Kern County Recorder on October 11, 2010. *Id.* at 12, 25. In addition, Ms. Gipson created an invoice dated October 26, 2010, charging Plaintiffs a total of $937.36, which included the costs for removal by the contractor, time expended by code enforcement in the amount of $39.82, and mailing costs in the amount of $5.54. *Id.* at 24. Plaintiffs contend the invoice for the contractor and the City "include charges for the removal of trash and overgrown vegetation/weeds." *Id.* at 12. However, Plaintiffs assert "[t]here was no overgrown vegetation [and] no trash." *Id.*

Plaintiffs allege they were not aware of any of these actions at the time of their occurrence, and they "only became aware of Taft's actions after receipt of a certified letter dated February 23, 2011 wherein Plaintiffs were notified of Taft's intention to file a lien on their property" for violations of Taft City Code §§ 3-4-8(A)(3)(a) and (c), which govern public nuisances and inadequately maintained property. *Id.* at 12. The notice informed Plaintiffs their property would be addressed at the City Council meeting held on March 15, 2011, which Plaintiffs attended. *Id.* at 12-13.

Plaintiffs contend they "expressed their concern over Taft's action" at the City Council meeting. (Doc. 4 at 13). Plaintiffs contend the mayor, council members, the city clerk, and the city

3

attorney displayed a "uniform attitude" of "general indifference." *Id.*  Also, Plaintiffs allege the mayor told Darrell Archer to "sit down" after he accused the city of "exerting acts of ownership over private property." *Id.*  According to Plaintiffs, "Defendants acted . . . as a unit and with complete indifference to the damage caused by their wrongful action." *Id.* at 26.  Because Plaintiffs refused to pay the amount due, the City placed a lien on the property located at 300 Lucard Street on May 7, 2011.  *Id.*

**III.   Discussion and Analysis**

Based upon the foregoing facts, Plaintiffs allege violations of the Fourth Amendment and Fourteenth Amendment under 42 U.S.C. § 1983 ("Section 1983"), violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, failure to perform mandatory duties, violations of the oath of office, state conversion, and violations of California Civil Code § 52.1.  Plaintiff identifies the following defendants in this action:  (1) the City of Taft; (2) Dave Noerr, former mayor and current City Council member; (3) Randy Miller, Mayor and former Pro Tem Mayor; (4) Craig Noble, former City Council member; (5) Paul Linder, current Pro Tem Mayor and former City Council member; (6) Cliff Thompson, former City Council member; (7) Bob Gorson, City Manager; (8) Craig Jones, Public Works Manager; (9) Orchel Krier, City Council member; (10) Ron Waldrop, City Council member; (11) Jill Gipson, Code Enforcement Officer; (12) David Prentice, City Attorney; (13) Louise Hudgens, City Clerk; (14) J.E. Burke Construction, Inc.; (15) Joseph Burke; and (16) twenty-five "Doe" defendants.  (Doc. 4 at 1-3).

   **A.   Section 1983 Claims**

Section 1983 "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted

under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

To sufficiently allege a Section 1983 claim, a plaintiff must allege a specific injury and show causal relationship between the defendant's conduct and the alleged injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a connection shown where a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").  Significantly, there is no respondeat superior liability under Section 1983, and the supervisor of an individual who allegedly violated constitutional rights is not made liable to a plaintiff simply by virtue of that role.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Finally, as with other claims, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under Section 1983.  *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

### 1. The private parties are state actors

Here, Plaintiffs identify J.E. Burke Construction Inc. and Joseph Burke as defendants in the action and assert that both acted under the color of law.  However, "private parties are not generally acting under color of state law."  *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.").  Consequently, the Ninth Circuit explained that "[w]hen addressing whether a private party acted under color of law, we . . . start with the presumption that private conduct does not constitute governmental action."  *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).

"Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity," and, as a result, the Court must examine whether Plaintiff has sufficiently plead facts to support the allegation that Defendants were state actors.  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted).  The Supreme Court has identified four tests to determine whether a private individual's actions implicate state action: (1) the public function test, (2)

5

the joint action test, (3) the state compulsion test, and (4) the governmental nexus test. *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997).

The Supreme Court explained, "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.  To act 'under color' of law does not require that the accused be an officer of the State.  It is enough that he is a willful participant in joint activity with the State or its agents." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (citation omitted).  The test examines whether a state has "'so far insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity." *Gorenc v. Salt River Project Agric. Improvement & Power Dist.,* 869 F.2d 503, 507 (9th Cir. 1989) (citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961)).

Here, Plaintiffs have alleged the City hired J.E. Burke Construction Inc. to enter their real property and remove their personal property.  (Doc. 4 at 24).  Furthermore, Plaintiffs allege J.E. Burke Construction Inc. and Joseph Burke entered the property with Code Enforcement Officer Jill Gipson without a warrant and removed lumber and a large rock planter.  *Id.*  Therefore, Plaintiffs have alleged minimally sufficient facts supporting an inference that the Burke Defendants acted jointly with a state actor to deprive Plaintiffs of constitutional rights. Consequently, the Court finds the pleading sufficient to state a claim under Section 1983 against Defendants J.E. Burke Construction Inc. and Joseph Burke.[1]

### 2.     Fourth Amendment

The Fourth Amendment proscribes a freedom from unreasonable searches and seizures.[2]  *U.S. Constitution, amend. IV*.  The Supreme Court explained an individual "must demonstrate that he personally has an expectation of privacy . . ., and that his expectation is reasonable; i.e., one that has a 'source outside of the Fourth Amendment, either by reference to concepts of real or personal property

---

[1] Because the joint action test is satisfied, the Court declines to discuss the three remaining tests to determine whether the defendants are state actors.

[2] Specifically, the Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *U.S. Constitution, amend. IV.*

law or to understandings that are recognized and permitted by society.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978)). Plaintiffs contend Defendants entered their property without a warrant and "seized/stole personal property while acting under color of law." (Doc. 4 at 27).

Significantly, the warrant requirement encompasses entry upon private property to abate a known nuisance. *Conner v. City of Santa Ana*, 897 F.2d 1487, 1490 (9th Cir. 1990). Here, though Plaintiffs admit the City officials determined a lumber pile, scrap metal and planter constituted a nuisance, Defendants are prohibited from entry onto Plaintiffs' property to abate the nuisance without a warrant. Plaintiffs contend no such warrant was obtained. (Doc. 4 at 27). However, a local government may not be sued under section 1983 for injuries inflicted by its employee or agent, absent an official policy or custom to inflict such an injury, made by lawmakers or those whose acts may fairly represent official policy. *Monell*, 436 U.S. at 694. Plaintiffs provide no facts to support their allegation that "All Defendants" are liable under the section 1983 claims. Significantly, the complaint lacks facts to demonstrate that the City of Taft had a policy of inflicting such an injury. Therefore, Plaintiffs do not have a claim against "All Defendants."

On the other hand, Plaintiffs alleged Jill Gipson, J.E. Burke Construction Inc., and Joseph Burke entered the property without a warrant and seized their property to abate the alleged nuisance. Consequently, Plaintiffs have stated a cognizable claim for a violation of their Fourth Amendment rights against defendants Jill Gipson, J.E. Burke Construction Inc., and Joseph Burke.

### 3. Fourteenth Amendment

According to Plaintiffs, Defendants violated their rights under the Fourteenth Amendment by depriving Plaintiffs of their private property without due process. (Doc. 4 at 28). The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process, protecting individuals against the deprivation of liberty or property interest by the government.

A procedural due process analysis focuses upon "'how and when' the government did it." *Amsden v. Moran*, 904 F.2d 748, 754 (1st Cir. 1990). "A § 1983 claim based upon procedural due

1  process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a
2  deprivation of the interest by the government, and (3) lack of process. *Portman v. County of Santa*
3  *Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Here, Plaintiff alleges Defendants failed to provide proper
4  notice or a hearing prior to the deprivation of their property, "failed to obtain a warrant prior to
5  seizure, and failed to provide a post-derivation remedy." (Doc. 4 at 28).  Thus, Plaintiffs have stated a
6  cognizable claim for a violation of their rights to procedural due process.

### B.    Racketeer Influenced and Corrupt Organizations Act ("RICO")

RICO allows a private citizen to recover damages for conduct of an enterprise through a pattern of racketeering activity or the collection of an unlawful debt. 18 U.S.C. § 1960, *et seq*. The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. DuPont de Nemours Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The RICO statute enumerates specific acts which satisfy the "racketeering activity" element, such as "an act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . ." 18 U.S.C. § 1961(1).  In addition, to establish a pattern, Plaintiffs must "show that the racketeering predicates are related [to each other] and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989).

Plaintiffs allege the Defendants were engaged in the following predicate acts: (1) "conspiracy to commit crimes" and (2) "trespass . . . without a warrant and absent due process." (Doc. 4 at 32-33). In addition, Plaintiffs assert these acts are a "regular ongoing practice [which] has victimized other property owners in Taft." (Doc. 4 at 33). To support this contention Plaintiffs provided a list of other properties in the City of Taft with unpaid abatement costs upon which the City Council is considering placing liens and allege that the owners of these properties "are victims of this criminal activity." (Doc. 4 at 33; Exhibit G).  The list of names provided is insufficient to demonstrate a pattern of racketeering activities, as there is no indication that these properties were subject to the same activity that the Plaintiffs allege on their own property. Plaintiffs' allegations of the Defendant's predicate acts

8

1 seem to be based upon a single act, which is insufficient to demonstrate a pattern of activity, which
2 would violate RICO. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (a
3 plaintiff must show two or more acts constituting a pattern). Moreover, Plaintiffs have not alleged
4 facts supporting the allegation of conspiracy or pattern of denial of due process. Thus, Plaintiffs failed
5 to state a cognizable claim for a violation of RICO, and this claim is **DISMISSED**.

        **C.**     **Violation of Oath of Office**

Plaintiffs identify "violation of oath of office" as a separate cause of action as Defendants "misused their positions of trust and authority, intentionally, knowingly failed to keep their promise(s) of their oath . . . have perpetrated a fraud." (Doc. 4 at 34-35). Plaintiffs allege that they "reasonably relied on the promises" the Defendants made in their oaths. (Doc. 4 at 34). However, to the extent Plaintiffs intend to state a claim for fraud, these conclusory allegations are insufficient to state a claim.

Under California law, Plaintiffs must allege the following to establish fraud: "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996); *see also* Cal. Civ. Code § 1572. The burden to establish fraud is "heavy," *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990), because "when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2004) (allegations of fraud must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations") (internal quotation marks and citation omitted). Consequently, Plaintiffs' allegations of fraud have not been plead with sufficient specificity to meet the standards of Rule 9(b), and this claim is **DISMISSED.**

        **D.**     **Failure to Perform Mandatory Duty**

A private right of action against a public entity for failure to perform a mandatory duty is created by Cal. Gov't Code § 815.6, which provides:

> Where a public entity is under a mandatory duty imposed by an enactment that is designated to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

*Id.* California courts utilize a three-pronged test to determine if liability for a mandatory duty may be imposed upon the public entity: (1) a statute or enactment must impose a mandatory duty (2) that intends to protect against the kind of risk of injury suffered by the plaintiff and (3) breach of the mandatory duty must be a proximate cause of the injury suffered. *County of Los Angeles v. Superior Court*, 102 Cal.App.4th 627, 638-39 (2002). Here, Plaintiffs identify several statutes in the California Code they believe demonstrate Defendants had mandatory duties upon which they failed to act.

### 1. California Code of Civil Procedure violation

According to Plaintiffs, Defendants breached a mandatory duty under Cal. Civ. Proc. Code § 1822.50 to "obtain a warrant prior to search and seizure, to provide due process, and to provide Plaintiffs an opportunity to be heard prior to abatement and to provide an appeals hearing." (Doc. 4 at 36). Notably, however, the statute identified only provides a definition for an inspection warrant as:

> an order, in writing, in the name of the people, signed by a judge of a court of record, directed to a state or local official, commanding him to conduct any inspection required or authorized by state or local law or regulation relating to building, fire, safety, plumbing, electrical, health, labor or zoning.

Cal. Civ. Proc. Code § 1822.50. This statute does not support Plaintiffs assertion that Defendants violated a mandatory duty to obtain a warrant, to provide due process, to allow Plaintiffs to be heard before abatement, and to provide an appeals hearing. Therefore, Plaintiffs have not shown a breach of a mandatory duty arising under § 1822.50.

### 2. Abatement order and pendency notice

According to Plaintiffs, Defendants breached a mandatory duty in Cal. Health & Saf. Code § 17982, "[B]y not obtaining an abatement order form [sic] the Superior Court." (Doc. 4 at 36). The statute provides, "If any notice or order issued by an enforcement agency is not complied with within a reasonable time . . . the enforcement agency may apply to the superior court for an order authorizing it to remove any violation or abate any nuisance specified in the notice or order." Cal. Health & Saf.

Code § 17982. Plaintiffs allege they did not receive notice of the code violation but provide no further allegations to support the applicability of this statute (Doc. 4 at 24-25), this statute does not create a mandatory duty for the agency to apply for a court order.

In addition, Plaintiffs assert "Defendants failed to record a Notice of Pendency pursuant to Health & Safety Code 1[7]985(a),(b) at the commencement of abatement action." (Doc. 4 at 36). The statute Plaintiffs identify provides: an "enforcement agency which institutes an action or proceeding pursuant to this article shall record a notice of the pendency of the action or proceeding in the county recorder's office of the county where the property affected by the action or proceeding is situated . . ." Cal. Health & Saf. Code § 17985(a). Notably, this statute is inapplicable to the facts at hand because it relates to the regulation of buildings and abatement of nuisances. Thus, Plaintiffs have not shown a breach of a mandatory duty arising under §17985.

Additionally, Plaintiff's assert "Defendants failed to execute proper service pursuant to Health and Safety Code 17988." (Doc. 4 at 37). The statute states: "In any action or proceeding brought pursuant to this article, service of summons is sufficient if served in the manner provided in the Code of Civil Procedure." Cal. Health & Saf. Code § 17988. However, there are no factual allegations that Defendants initiated an action or proceed requiring service of process. Therefore, Plaintiffs have not shown a breach of a mandatory duty under § 17988.

### 3. Abatement and local ordinances

According to Plaintiffs, Defendants breached a mandatory duty in Cal. Health & Saf. Code § 17922(g). The statute governs building standards and regulations, and provides: "A local ordinance may not permit any action or proceeding to abate violations of regulations governing maintenance of existing buildings, unless the building is a substandard building or the violation is a misdemeanor." Cal. Health & Saf. Code § 17922(g). The statute is inapplicable to the facts at hand, because the alleged nuisance was not related to an existing building. Therefore, Plaintiffs have not shown a breach of a mandatory duty arising under § 17922.

In addition, Plaintiffs allege a breach of a mandatory duty under Cal. Health & Saf. Code § 17920.3 as incorporated by Cal. Health & Saf. Code § 17922(e). However, this statute merely provides the definition of substandard buildings and does not create a mandatory duty.

11

#### 4. Appeals Board and right to an appeal

Plaintiffs assert that 2007 California Building Code Title 24 § 108.8 establishes that Defendants had a mandatory duty to have an Appeals Board. (Doc. 4 at 38). Plaintiffs contend, "Defendants do not have an Appeals Board and failed [to] inform Plaintiffs of their right to such board." *Id.* Notably, however, the statutes identified do not require a city or county to create a separate "local appeals board," as Plaintiffs contend.[3] Rather, a "local appeals board" is defined as "the board or agency of a city or county which is authorized by the governing body of the city or county to hear appeals regarding the building requirements of the city or county." Cal. Health & Saf. Code § 17920.5. The statute explains, "In any area in which there is no such board or agency, 'local appeals board' means the governing body of the city or county having jurisdiction over such area." *Id.* Thus, a city council may be considered the local appeals board. Further, the local appeals board or governing body may act as the "housing appeals board." Cal. Health & Saf. Code § 17920.6. Consequently, there is not a mandatory duty to create a local appeals board as a separate entity from the city council.

Furthermore, Plaintiffs fail to identify statutes to support their claim that Defendants had a mandatory duty to "inform Plaintiffs of an Appeals Board and inform Plaintiffs of their rights to an Appeals Board as mandated by state law Uniform Housing Code and Health & Safety Code." (Doc. 4 at 37). Therefore, Plaintiffs have failed to state a cognizable claim for a violation of a mandatory duty, and this claim is **DISMISSED**.

### E. Conversion

Under California law, conversion is the "wrongful exercise of dominion over the property of another." *Oakdale Vill. Grp. v. Fong*, 43 Cal.App.4th, 539, 543 (1996). In order to state a cognizable claim for conversion Plaintiffs must allege the following elements: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1066 (1998). An actual

---

[3] Plaintiffs assert 2007 California Building Code Title 24 § 108.8 "establishes detailed procedures" for an appeals board. (Doc. 4 at 38). The statute cited contains the same language as the Cal. Health & Saf. Code §§ 17920.5, 17920.6 which Plaintiffs relied upon in their original complaint. The Court reiterates neither of these statutes creates a mandatory duty.

taking of the property is not necessary to establish a claim for conversion, but Plaintiffs must demonstrate an assumption of control or ownership of the property and that defendant has converted the property to his own use. *Enter. Leasing Corp. v. Shugart Corp.*, 231 Cal.App.3d. 737, 747 (1991).

Here, Plaintiffs allege Defendants are liable for conversion for "exercising dominion and control" and "wrongfully convert[ing] said property to their use." (Doc. 4 at 38). Plaintiffs seek compensation for the conversion of their property under California Civil Code § 3336. (Doc. 4 at 38). While Plaintiffs allege this complaint against all Defendants in their "official and individual capacities" they do not allege sufficient facts to demonstrate Defendants acted beyond the scope of their official capacities. (Doc. 4 at 1-3). Specifically, Plaintiffs allege defendants Jill Gipson, J.E. Burke Construction Inc., and Joseph Burke entered Plaintiffs' property and took lumber and parts of a large rock planter. (Doc. 4 at 11). As to all other defendants, Plaintiffs have not provided sufficient factual allegations to demonstrate an assumption of control of the property or that they have converted the property to their own use.

However, under the California Tort Claims Act ("CTCA"), Plaintiffs may not bring a cause of action for money or damages absent a written claim presented to the public entity and until that claim has been acted upon or deemed to have been rejected. Cal. Gov't Code § 945.4. *See Mabe v. San Bernardino Cnty., Dept. of Pub. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (stating under CTCA, a claim presented to the public entity is a "condition precedent" to a suit against the public entity). Furthermore, claims against employees of the public entity also require the claim to be presented to the public entity before a cause of action may be sustained. Cal. Gov't Code §§ 810.2, 811.2, 811.4, 950.2. Plaintiffs do not allege that they have provided such a claim to the City of Taft for their conversion claims against Defendant Jill Gipson, J.E. Burke Construction, and Joseph Burke.[4] Therefore Plaintiffs' cause of action for state conversion is barred. Cal. Gov't Code §950.2. *See Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 216 (Cal. 2007) (absent alleged compliance with CTCA, suit against entity is barred). Consequently, Plaintiffs claim for state conversion is **DISMISSED**.

F.     **State Civil Rights Violation**

---

[4] Claims against a public entity for injury to personal property must be presented to the public entity within six months of the injury. Cal. Gov't Code § 911.2.

1  Plaintiffs allege each of the defendants violated Cal. Civ.Code § 52.1, (Doc. 4 at 39), which
2  provides:

> If a person or persons, whether or not acting under the color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of right secured by the Constitution or the laws of the United States, or the rights secured by the Constitution or laws of this state. . . [any individual whose said rights have been interfered with] may bring a civil action for injunctive and other appropriate equitable relief . . . .

A cause of action under Section 52.1 is appropriate when a defendant has attempted to or completed an act, accompanied by improper means, which interferes with the plaintiff's legal rights. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 882-83. (2007). A "threat" is "an expression of intent to inflict evil, injury, or damage to another." *McCue v. South Fork Union Elementary Sch.*, 766 F. Supp.2d 1003, 1011 (E.D. Cal. 2011). When coercion is inherent in the constitutional violation alleged, an independent showing of coercion is required. *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959-60 (2012).

Plaintiffs allege Defendants interfered with their right to secure and enjoy their own property and attempted to intimidate Plaintiffs into paying for the theft of their property by threatening to place a lien on the property. (Doc. 4 at 39). Plaintiffs' factual allegations do not support a claim that the conduct of the Defendants rose to the level of a threat or intimidation. *See City and Cnty. of San Francisco v. Ballard*, 39 Cal.Rptr.3d 1 (Cal. Ct. App. 2006). In addition, Plaintiffs fail to provide and independent showing of coercion in addition to placing a lien on the property.

Furthermore, Plaintiffs seek damages for no less than "$50,000 under California Civil Code § 52.1 . . . ." (Doc. 4 at 40). Under the CTCA, any suit against a public entity for monetary relief requires notice of the claim presented to the public entity regardless of the legal theory under which such relief is sought. *Hasan v. Johnson* 1:08-CV-00381-GSA-PC, 2012 WL 469818, at *2 (E.D. Cal. Feb. 13, 2012). Plaintiffs have failed to allege facts concerning their compliance with the CTCA and their claim for a violation under Civil Code Section 52.1 is barred. Cal. Gov't Code §945.4. Consequently, Plaintiffs' Civil Code Section 52.1 violation claim is **DISMISSED**.

**G.** **"Doe Defendants"**

Generally, "Doe" defendants are disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal. May 5, 2010). However, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. Plaintiffs name "Does 1-25" as defendants in the First Amended Complaint. However, Plaintiffs fail to identify who these individuals are or how they acted in a manner that caused a violation of their rights. Plaintiffs are required to allege specifically how each defendant— including Doe defendants—violated their rights, and link each defendant's actions to the violation of his rights. *See West*, 487 U.S. at 28; *Johnson*, 588 F.2d at 742. Consequently, Plaintiffs have not stated cognizable claims against Does 1-25, and these defendants are **DISMISSED**.

### IV.     Failure to Comply with Rule 8

Plaintiffs have failed comply with Rule 8(a) and (d) of the Federal Rules of Civil Procedure, which require "a **short and plain statement** of the claim showing that the pleader is entitled to relief" and each allegation to "be **simple, concise, and direct**." (emphasis added). Plaintiffs' complaint, which contains 165 paragraphs of allegations and eleven claims for relief against over 15 defendants does not satisfy these requirements. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming district court's dismissal of the complaint for violation of Rule 8 and failure to comply with court orders); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (addressing dismissals for overly lengthy complaints and observing that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations").

Plaintiffs' complaint falls within the class complaints described by the Ninth Circuit in *McHenry* and *Cafassco*, and the length of the allegations make it difficult to determine a factual link between each defendant and the alleged harms suffered by Plaintiffs. Moreover, the incorporation of exhibits in a pleading is not necessary at the stage of the proceeding.

### V.     Conclusion and Order

Plaintiffs have established the Court has subject matter jurisdiction over this matter and state cognizable claims for violation of their Fourth and Fourteenth Amendment Rights against defendants Jill Gipson, J.E. Burke Construction Inc., and Joseph Burke. However, Plaintiffs' remaining causes of action either fail to state factual allegations in support or fail as a matter of law.

Plaintiffs will be given a final opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiffs may notify the Court in writing that they do not wish to file an amended complaint and they are willing to proceed only on their claims for violation of the Fourth and Fourteenth Amendments by defendants Jill Gipson, Joseph Burke, and J.E. Burke Construction Inc. At that time, the Court will dismiss the other claims and defendants, and issue summons.

Plaintiffs are advised that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiffs are warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Complaint is **DISMISSED with leave to amend**;
2. Within 21 days from the date of service of this order, Plaintiffs must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing of their willingness to proceed only on the cognizable claims against Jill Gipson, Joseph Burke, and J.E. Burke Construction Inc., for violations of the Fourth and Fourteenth Amendment.

3. <u>If Plaintiffs fail to comply with this order, the action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **August 1, 2012**                             **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE