# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL ARCHER et al., | 1: 12-CV-00261 - LJO - JLT |
| Plaintiffs, | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| v. | Pleading Amendment Deadline:  7/14/2014 |
| CITY OF TAFT, et al., | |
| Defendants. | Discovery Deadlines: <br> Non Expert:  10/24/2014 <br> Expert:  1/7/2015 <br> Mid-Discovery Status Conference: <br> 7/10/14, 9:30 a.m. |
| | Non-Dispositive Motion Deadlines: <br> Filing:  1/20/2015 <br> Hearing:  2/17/2015 |
| | Dispositive Motion Deadlines: <br> Filing:  3/3/2015 <br> Hearing:  4/14/2015 |
| | Settlement Conference: <br> 1/21/2015 at 9:00 a.m. <br> 510 19th Street, Bakersfield, CA |
| | Pre-Trial Conference: <br> 6/9/2015 at 8:30 a.m. <br> Courtroom 4 |
| | Trial:   8/4/2015 at 8:30 a.m. <br> Courtroom 4 <br> Jury trial: 5 days |

1

I. **Date of Scheduling Conference**

April 15, 2014.

II. **Appearances of Counsel**

Plaintiffs appeared in pro per.

Michael Charles Kellar appeared on behalf of Defendant Jill Gipson.

III. **Magistrate Judge Consent:**

**Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the newly adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available. The trial date will not be reset to a continued date.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, the parties **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## IV. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **July 14, 2014**.

## V. Discovery Plan and Cut-Off Date

No later than April 30, 2014, J.E. Burke Construction and Joseph Burke SHALL file either their motion to set aside the default or a stipulation of the parties requesting the default be set aside.

The parties have exchanged the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

The parties are ordered to complete all discovery pertaining to non-experts on or before **October 24, 2014**, and all discovery pertaining to experts on or before **January 7, 2015**.

The parties are directed to disclose all expert witnesses, in writing, on or before **November 7, 2014**, and to disclose all rebuttal experts on or before **December 8, 2014**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for 9:30 a.m. **July 10, 2014** before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield, California, 93301. A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all parties, shall be electronically filed in CM/ECF, one full week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov. Counsel may appear via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**VI.     Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **January 20, 2015**, and heard on or before **February 17, 2015**. Non-dispositive motions are heard before the Honorable Jennifer L. Thurston, United States Magistrate Judge at the United States Courthouse in Bakersfield, California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **The parties must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if the party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

All dispositive pre-trial motions shall be filed no later than **March 3, 3015**, and heard no later than **April 14, 2015**, in Courtroom 4 at 8:30 a.m. before the Honorable Lawrence J. O'Neill, United States District Court Judge. In scheduling such motions, **the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

**VII.    Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion **at least 21days before** the filing of the motion.

4

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  **In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.**

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

**VIII.   Pre-Trial Conference Date**

**June 9, 2015** at 8:30 a.m. in Courtroom 4 before Judge O'Neill.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge O'Neill's chambers, by email at LJOorders@caed.uscourts.gov.

The parties' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of the parties in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**IX.   Trial Date**

**August 4, 2015** at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

A. This is a jury trial.

B. The parties' Estimate of Trial Time: 5 days.

C. The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

///

## X. Settlement Conference

A Settlement Conference is scheduled for **January 21, 2015**, at 9:00 a.m., located at 510 19th Street, Bakersfield, California. The settlement conference will be conducted by Magistrate Judge Thurston.  If any party prefers that the settlement conference be conducted by a judicial officer who is not normally assigned to this case, that party is directed to notify the Court no later than 60 days in advance of the scheduled settlement conference to allow sufficient time for another judicial officer to be assigned to handle the conference.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall appear** at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the conference.  Consideration of settlement is a serious matter that requires preparation prior to the settlement conference.  Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

**At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[2] settlement demand which includes a brief explanation of why such a settlement is appropriate.  Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer and which includes a brief explanation of why such a settlement is appropriate.

If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below.  Copies of these documents shall not be filed on the court docket.

///

---

[1] Insurance carries, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[2] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.  If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

**CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT**

At least five court days prior to the Settlement Conference, the parties shall submit, directly to Judge Thurston's chambers by e-mail to JLTorders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XI.     Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XII.     Related Matters Pending**

There are no pending related matters.

**XIII.     Compliance with Federal Procedure**

All parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of

California.

## XIV. Effect of this Order

The foregoing order represents the best estimate of the court and the parties as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, they are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **April 15, 2014**                         **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE