UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF TAFT, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00261 - LJO - JLT<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS RELATED TO THEIR EARLIER MOTION TO COMPEL<br><br>(Doc. 48) |

　　　　Before the Court is the motion of Plaintiffs for sanctions related to their earlier-filed motion to compel discovery (Doc. 37). (Doc. 48)  Before the motion to compel was heard, Defendants provided full responses to the outstanding discovery.  (Doc. 46)  Thus, the Court denied Plaintiffs' motion as moot.  Id.  Despite this, now Plaintiffs seek reimbursement for lost time related to their efforts to obtain the outstanding discovery.  For the reasons set forth below, the motion is **DENIED**.[1]

**I.　　Fed. R. Civ. P. 37(a)(5)**

　　　　The court is authorized to award attorney's fees and the "reasonable expenses incurred in making the motion."  Fed. R. Civ. P. 37(a)(5).  Here, Plaintiffs admit they are not entitled to reimbursement for attorney's fees, given they are self-represented. (Doc.  48 at 3)  Nevertheless, they contend that they should be reimbursed for their time spent in communication with opposing counsel, the cost of postage, ink and paper, the time spent in researching and drafting the motion to compel and

---

[1] The Court **ORDERS** the matter submitted without hearing.

1

this current motion and the cost of attending the hearing. Id. at 4. Notably, they assert their time should be valued at $100 per hour. Id.

Time spent litigating is reimbursable *only* if a person has to pay an attorney to do it. If litigants represent themselves, the time spent is not reimbursable. Seemingly, Plaintiffs understand this and rail against the unfairness of the system. (Doc. 48 at 4) They argue, "The current rules regarding "Attorney Fees" for attorneys and not for pro per litigants provides an incentive for the attorney to abuse the system. It not only penalizes pro per litigants but also defeats the purpose of the discovery process." Id. Exactly how the "system" has been abused or how the purpose of discovery has been thwarted is not explained. To the contrary, though the responses to the discovery were delayed, Plaintiff had received the information they sought and have many months before the close of discovery to conduct other inquiry, if that is their choice. In any event, the Court does not make the Rules and, as Plaintiffs admit, their time spent in drafting discovery motions is not reimbursable under Fed. R. Civ. P. 37.

In addition, despite the clear dictate of Fed. R. Civ. P. 37(a)(5), *only* the cost in bringing the motion to compel can be awarded. "Costs represent sums actually expended." Merrell v. Block, 809 F.2d 639, 642 (9th Cir. 1987). Nevertheless, Plaintiffs seek reimbursement for their time spent related to attempts to gain compliance with the discovery requests.[2] (Doc. 48 at 4) This is not allowed. Likewise, the cost of paper and ink are a mere by-product of litigation and the Court finds that reimbursement is not appropriate even if it could determine how much of the cost listed related in the motion for sanctions related to the motion to compel. Though postage could be awarded in certain circumstances, there is no showing the postage was expended in serving the motion to compel and, indeed, given the Court served the motion electronically—as it does with all filings—reimbursement for the cost of postage is not appropriate. Thus, the motion for sanction is **DENIED**.

On the other hand, Plaintiffs' current motion for sanctions is clearly frivolous. They admit an understanding of the Rules which preclude recovery and yet filed the motion anyhow. Plaintiffs are

---

[2] Likewise, surely Plaintiffs were aware when they instigated this litigation and chose to represent themselves that this litigation *would* impact their normal activities. They should prepare themselves that further impacts on their personal time will occur.

advised that this Court is the busiest court in the entire federal system and it cannot allow its limited judicial resources to be squandered.  Further filings of frivolous motions, **will result in the imposition of sanctions.**

**ORDER**

1. Plaintiffs' motion for sanctions is (Doc. 48) DENIED.

IT IS SO ORDERED.

Dated: **June 30, 2014**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE