# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER, et al., | Case No.: 1:12-cv-00261 - LJO - JLT |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO SHOW CAUSE, CONTEMPT OF COURT, SANCTIONS |
| v. | |
| CITY OF TAFT, et al., | (Doc. 57) |
| Defendants. | |

Before the Court is the motion of Plaintiffs in which they, seemingly, request the Court to issue an order to Defendants J.E. Burke Construction, Inc. and Joseph Burke to show cause for their failure to file their answer within 14 days. (Doc. 57)  Notably, these defendants filed their answer on June 30, 2014.  (Doc. 55)  On the same date, Plaintiffs sought entry of default which was declined by the Clerk. (Doc. 58)  In this motion, Plaintiffs also seek reimbursement for their lost time in preparing the motion, to attend a hearing on the motion and for "miscellaneous costs."  (Doc. 57 at 5) For the reasons set forth below, the motion is **DENIED**.[1]

I.   **Contempt Proceedings**

Contempt proceedings may be civil or criminal in nature.  The Ninth Circuit Court of Appeals utilizes the "sanction test" to determine whether the contempt proceedings are civil or criminal, explaining: "[I]f the purpose of the relief is to compel the respondent to comply or to compensate the

---

[1] The Court **ORDERS** the matter submitted without hearing.

1

petitioner for the refusal, the contempt proceeding is civil in nature.  If the purpose is to punish the respondent and vindicate the court, the proceeding is criminal."  United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980); see also Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983) ("To distinguish civil from criminal contempt, the focus of the inquiry is often 'not [upon] the fact of the punishment but rather its character and purpose.'").

Here, Plaintiffs seek to have Defendants J.E. Burke Construction, Inc. and Joseph Burke held in contempt for missing their filing deadline by ten days.  (Doc. 57)  Plaintiffs also seek, in essence, fees for their time related to the motion.  As such the requested proceedings are civil in nature.  See Falstaff Brewing Corp., 702 F.2d at 778 ("[c]ivil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary for the injuries with result from the noncompliance").

**II.     Discussion and Analysis**

To demonstrate a finding of civil contempt is appropriate, the moving party bears the initial "burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."  Fed. Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999)).  Once the moving party does so, the contemnor must "demonstrate why [he] was unable to comply."  Id.  "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order."  Go-Video, Inc. v. Motion Picture Ass'n of America, 10 F.3d 693, 695 (9th Cir. 1993).

Here, Defendants J.E. Burke Construction, Inc. and Joseph Burke failed to file their answer within the 14 days proscribed by the Court's order.  However, they filed the answer within a reasonable time thereafter.  Though this does not demonstrate the strict compliance required when complying with a court order—and the Court does not condone this failure—there is no reason to believe the litigation has been delayed in any real way.  Using the Court's contempt power to address this failure is much like using a sledgehammer to kill a gnat; it is unnecessarily harsh and pointlessly Draconian.  Thus, the request for the Court to issue an order to show cause re: contempt is **DENIED**.

Moreover, the request for fees is **DENIED**.  Plaintiffs are not entitled to fees, given they are self-represented.  They have articulated this understanding when making their earlier motion for

2

sanctions. (Doc. 48 at 3) Nevertheless, once again, they contend that they should be reimbursed for their time spent preparing the motion, the amount of time that would be spent if there was a hearing on the motion and for "miscellaneous costs." (Doc. 57 at 5) Once again, they assert their time should be valued at $100 per hour. Id.

The Court has explained previously that time spent in litigation is reimbursable *only* if the litigants must pay an attorney to act for them. No matter whether Plaintiff characterize their request for payment for their time as attorney's fees, lost opportunity cost or inconvenience, **they are not entitled to reimbursement for their time spent in litigating this action**. Likewise, costs related to the filing of a sanction motion are only those amounts that were actually paid out.[2] Merrell v. Block, 809 F.2d 639, 642 (9th Cir. 1987). Thus, the motion for sanctions is **DENIED**.

In addition, it is clear Plaintiffs realized that the relief intended for a failure to file an answer is the entry of default.[3] This is demonstrated by the fact that, indeed, Plaintiffs sought this relief though it was decline given the answer was filed before the request for entry of default. Thus, once again, the Court finds Plaintiffs have filed a frivolous motion.

**ORDER**

1. Plaintiffs' motion to show cause, contempt of Court, sanctions (Doc. 57) is **DENIED**; **Plaintiffs are admonished that further filings of frivolous motions, will result in the imposition of sanctions, up to an including the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **July 2, 2014**                    /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Likewise, labeling costs as "miscellaneous" will never result in a favorable cost award. A moving party must specifically detail and support via evidence, the actual amount spent and explain why it was spent and how it was related to the instant motion.

[3] The *only* reason the Court is not sanctioning Plaintiffs for the waste of its resources on this motion is because it presumes the Court's earlier order admonishing them not to file frivolous motions had not reached them before this current motion was filed. The Court will not fail to impose sanctions on the filing of any future frivolous motions.