UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER, et al., | Case No.: 1:12-cv-00261 - AWI - JLT |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE THE DEPOSITION OF DEFENDANT JILL GIPSON |
| v. | |
| CITY OF TAFT, et al., | (Doc. 66) |
| Defendants. | |

Darrell Archer filed a motion "to continue the deposition of Jill Gipson" which was taken on June 9, 2014.[1] (Doc. 66.) Plaintiff contends that he became ill during the deposition and was not able to continue. In opposition, Defendants provide a copy of the transcript which fails to show Mr. Archer made any statement indicating that he was ill and could not continue or that he wished to continue the deposition to another day. Instead, in calling the deposition to a close, Mr. Archer stated, "Okay. I think we've covered enough ground here." Because the Court concludes that Mr. Archer has not established good cause for a second deposition of Ms. Gipson, his motion is **DENIED**.

///

---

[1] Ms. Darquea also seeks to have a second opportunity to depose Ms. Gipson. However, at the deposition on June 9, 2014, Ms. Darquea asked only minimal questions—out of order—and made only an occasional comment. Thus, she has waived her opportunity to depose Ms. Gipson. Her claim that she was not prepared to depose Ms. Gipson and intended to rely upon Mr. Archer, is insufficient. Mr. Archer does not represent Ms. Darquea and cannot do so; she represents herself. She must be prepared to prosecute her case or she must retain a lawyer. Thus, Ms. Darquea's motion to continue the deposition of Ms. Gipson is **DENIED**.

## I.      Relevant Background

Mr. Archer reports he took the deposition of Jill Gipson on June 10, 2014[2], but "because of an unexpected reaction to the deposition room or something in the air, Mr. Archer became ill and had to cut the deposition short."  (Doc. 66 at 1.)  Mr. Archer claims he "never got to ask the remainder of important questions he had laid out for this deposition." (*Id.* at 3.)  He claims he "was conducting the deposition, had prepared for it by himself so Plaintiff Darquea was unprepared to continue in Archer's absence." (*Id.* at 2.) Therefore, Mr. Archer requests that "th[e] Court … authorize Plaintiffs to continue the Deposition of Jill Gipson."  (*Id.* at 3.)

Defendants contend they had no awareness of Mr. Archer's inability to complete the deposition. (Doc. 68 at 4) To the contrary, they provide a copy of the transcript of the deposition where, at its end, Mr. Archer stated, "Okay.  I think we've covered enough ground here," and called the deposition to a conclusion without any comment about illness. (Doc. 68-1 at 21-22)

## II.     Legal Standard

The Federal Rules of Civil Procedure govern the taking of depositions by oral examination.  A party must obtain leave of the Court to conduct a deposition "if the parties have not stipulated to the deposition" and "the deponent has already been deposed in the case."  Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court shall grant such leave "to the extent consistent with the principles stated in Rule 26(b)(2)," which allows courts to limit discovery in instances in which the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  Whether to reopen a deposition is a matter committed to the Court's discretion. *Couch v. Wan*, 2012 U.S. Dist. LEXIS 137216 at *8 (E.D. Cal. Sept. 24, 2012) (citing *Dixon*

---

[2] The transcript indicates the deposition occurred on June 9, 2014.  (Doc. 68-1)

*v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996)).

## III.     Discussion and Analysis

Review of the portions of the deposition of Gipson reveals that, despite any infirmity from which Mr. Archer was suffering, the interaction between the deponent and Mr. Archer was lively with both parties explaining in full the questions and the answers. (*See* Doc 68-1) And, at the conclusion of the deposition, Mr. Archer did not comment about any difficulty experienced at the deposition and, from the face of the transcript, the Court sees no substantive factual area not addressed. *Id*. at 21-22.

Even still, Mr. Archer claims a second deposition is necessary to obtain information from Gipson related to[3]:

- Her definitions and understandings of the Taft Municipal Codes she is enforcing.
- Her understanding of postal addresses as they relate to real property.
- Her training as a reserve police officer.
- Her allowances and limitations as a code officer.
- Her understanding and awareness of state laws regarding abatement.
- Any other questions that may come about as a result of her answers to the above questioning.

(Doc. 67 at 5.) Though identifying these additional topics for examination, Mr. Archer fails to explain how they bear on the questions presented in this litigation. At the hearing, he denied the topics would relate to any entitlement of punitive damages and, instead, relied upon his belief that this evidence would demonstrate liability. However, at issue in this action is *only* whether the defendants violated the Fourth Amendment by failing to obtain a warrant before entering Plaintiffs' property and seizing items located thereon and whether the defendants violated the Fourteenth Amendment by failing to have adequate pre- and post-deprivation processes in place. (Doc. 4, 7, 12) Despite conducting oral argument, the Court still has no satisfactory understanding as to how these topics bear on this case.

On the other hand, Mr. Archer notes that the deposition notice indicated that it would continue

---

[3] Mr. Archer asked Ms. Gipson, "What powers and authorities are given to you by the City of Taft?" (Doc. 68-1 at 8) Mr. Archer asked, ". . . as a code officer, code enforcement officer, do you have the power to enter anyone's private property whenever you want to?" (Doc. 68-1 at 9, 21) When Ms. Gipson explained that she complies with the "Municipal Code process" and does "all of my procedures through the book," Mr. Archer asked, "What would those procedures through the book be?" *Id*. He asked also, "And what code wives you that power?" *Id*. at 10. Likewise, Mr. Archer requested Ms. Gipson explain the step-by-step process to have a condition declared a nuisance and how to have it abated. *Id*. at 11-14. He also questioned her about the Municipal Code's definition of a "nuisance." *Id*. at 16-18. In response to questions, Ms. Gipson explained details about the actual abatement at the subject property as well. Thus, it is unclear how the topics noted above differ from these questions or the information provided in response thereto.

"from time to time." (Doc. 67 at 2) Mr. Archer does not explain why he thinks this language is important but the Court suspects he thinks this means he is entitled to have more than one session of a deposition; this is incorrect. Regardless of the language of the deposition notice, the rules prohibit a deposition extending beyond one day without leave of the Court. Fed. R. Civ. P. 30(d).

Importantly, the factors of Rule 26(b)(2)(C) weigh against the re-opening of the deposition here. As Defendant asserts, the information now claimed to be missing could have been obtained through written discovery, which would be "more convenient, less burdensome, [and] less expensive." Mr. Archer has had an "ample opportunity" to obtain this information because discovery commenced in April 2014 and months have passed since the deposition in June.[4] (*See* Doc. 30.) Finally, as noted above, Plaintiffs have not explained the importance of this information related to the issues presented in the case, and it appears "the expense of the proposed discovery outweighs its likely benefit."

Absent a sufficient showing to justify the second deposition, "like the "long passage of time with new evidence or new theories added to the complaint," a court generally will not order a re-opening of a deposition. *Dixon*, 164 F.R.D. at 690. Likewise, a finding that the Rule 26(b)(2)(C) factors apply precludes reopening a deposition. Here, the Court finds that each of these factors are shown. Therefore, Mr. Archer has fail to show sufficient justification to re-open the deposition of Defendant.

## IV.    Conclusion and Order

In light of the foregoing, the Court exercises its discretion to decline to reopen the deposition of Defendant. *See* Couch, 2012 U.S. Dist. LEXIS 137216; Dixon, 164 F.R.D. at 690 (D. Kan. 1996)). Accordingly, **IT IS HEREBY ORDERED**:

///

///

---

[4] Mr. Archer complains that a deposition is preferable because it is more spontaneous and the witness has no opportunity to consult with counsel before responding. Even still, a witness at a deposition and a person responding to written discovery, have the same obligation to respond truthfully.
   Likewise, Mr. Archer explains his failure to make a record at the deposition regarding his inability to proceed and his failure to meet his burden of proof in this motion by referring to his self-represented status. Though the Court sympathizes with his difficulty, there is not a separate set of rules for those who eschew legal assistance. His choice to represent himself places a burden on him to learn how to proceed properly and to comply with the Rules; it does not excuse compliance.

1. Plaintiffs' motion to continue the deposition of Jill Gipson (Doc. 66) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 14, 2014**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE