# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER, AND KEITHA DARQUEA,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JILL GIPSON; JOSEPH BURKE; AND, J.E. BURKE CONSTRUCTION, INC.,<br><br>                    Defendants. | Case No. 1:12-CV-00261-LJO-JLT<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE.<br><br>(Docs. 89, 91) |

Plaintiffs Darrell Archer and Keitha Darquea (together, "Plaintiffs") bring the instant civil rights action against Defendants Jill Gipson, Joseph Burke, and J.E. Burke Construction, Inc. (collectively, "Defendants"), alleging violations of their Fourth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). Pending before the Court are Defendants' motions *in limine* (Docs. 89 & 91). The Court deems the matters appropriate for resolution without oral argument. *See* Local Rule 230(g). The relevant factual background is set forth in the Court's May 28, 2015 order granting in part and denying in part Defendants' motion for summary judgment (Doc. 81). Having reviewed the parties' submissions, the Court rules on the motions *in limine* as set forth below.

## I. LEGAL STANDARD

A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See, Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436,440 (7th Cir. 1997). A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003).

## II. DEFENDANTS' MOTIONS IN LIMINE

### 1. To Exclude Evidence of Prior Unrelated Abatements or Liens

Defendants seek to exclude any and all evidence of the City of Taft's unrelated abatements or liens that occurred prior to the subject incident, unrelated to Plaintiffs, because such evidence is irrelevant pursuant to FRE 403.

Depending on the jury's findings, the Court finds the evidence relevant to the issue of possible punitive damages. The requested evidence may also show an absence of mistake and a pattern of illegality or abuse. No 403 factor weighs in favor of the moving defendants. After balancing the weight of the FRE 403 factors, the Court finds in favor of allowing such information. Therefore, the motion is DENIED, with this caveat. The discovery phase of this trial has been completed.  Any attempt by the Plaintiffs to turn the trial into a time of renewed discovery will be met by an order of preclusion and possible sanctions.

### 2. To Exclude Witness David Grieg's Testimony

Defendants seek to exclude Plaintiff's witness David Grieg's testimony because such testimony is irrelevant pursuant to FRE 403, and such testimony requires an expert witness pursuant to FRE 702.

Defendants' second motion *in limine* is denied on the factor of irrelevance because such testimony would plainly go to the issue of compensatory damages, and no factor comes close to preclusion that would outweigh admission. The motion, however, is GRANTED because the issue

requires an expert witness pursuant to FRE 702. Providing an opinion on the worth or cost of lumber and rock requires specialized knowledge not known to the average person without such specialized knowledge.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' first motion *in limine* (Doc. 89) is **DENIED**;
2. Defendants' second motion *in limine* (Doc. 91) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **July 8, 2015**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3