1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DARRELL ARCHER, AND KEITHA DARQUEA, | Case No. 1:12-CV-00261-LJO-JLT |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION. |
| v. | |
| JILL GIPSON; JOSEPH BURKE; AND, J.E. BURKE CONSTRUCTION, INC., | (Doc. 134) |
| Defendants. | |

20      Before the Court in the above-styled and numbered cause of action is Plaintiffs Darrell

21  Archer and Keitha Darquea's Motion for Reconsideration, filed January 25, 2016. (Doc. 134). The

22  matter is appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g).  Having

23  considered the record and relevant law, the Court will deny Plaintiffs' motion.

24                                                    **BACKGROUND**

25      Plaintiffs Darrell Archer and Keitha Darquea (together, "Plaintiffs"), proceeding *pro se*,

26  initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on February 23,

27  2012. (Doc. 1). Subsequent to Defendants' motion to dismiss, this Court dismissed certain claims

28  and multiple defendants. (Doc. 12). Defendant moved for summary judgment and of the three

1    remaining causes of action, this Court granted the motion as to Plaintiffs' first cause of action under

2    § 1983 related to Defendant Gipson's warrantless yet reasonable search at the subject property, but

3    in all other ways denied the motion as to the second and third causes of action. (Doc. 81).

4         A jury trial was held in this case from August 4-6, 2015. The jury found in favor of Plaintiffs

5    on their claims that Defendant Jill Gipson ("Gipson") and J.E. Burke Construction, Inc. (together,

6    "Defendants") violated their Fourth Amendment rights by unlawfully seizing their personal property

7    without a warrant, and that these Defendants deprived Plaintiffs of their due process rights by failing

8    to provide adequate notice and opportunity to be heard prior to seizing their personal property.

9         The jury awarded compensatory damages to Plaintiffs of $937.36 "plus interest due as of

10    [August 6, 2015]" against Defendant Gipson and $1.00 against Joseph Burke and/or J.E. Burke

11    Construction, Inc. (Doc. 121). The jury also found that Defendant Gipson and J.E. Burke

12    Construction, Inc.'s conduct was malicious, oppressive, or in reckless disregard of the Plaintiffs'

13    constitutional rights. *See id.* In a bifurcated damages phase, the jury awarded punitive damages of

14    $800.00 against Defendant Gipson and $200.00 against J.E. Burke Construction, Inc. (Doc. 122).

15    The Court entered final judgment on August 10, 2015 (Doc. 125).

16         After prevailing at trial, Plaintiffs filed motions for attorneys' fees (Docs. 127 & 128). The

17    Court granted in part and denied in part Plaintiffs' motions. *See* Doc. 133. Plaintiffs now ask the

18    Court to reconsider its partial denial of Plaintiffs' attorneys' fees.

19                        **LEGAL STANDARD**

20         A motion to alter or amend a judgment may be made pursuant to Rule 59(e). A district court

21    should not grant a motion for reconsideration under Rule 59(e) "absent highly unusual circumstances

22    … ." *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (internal citations and quotations

23    omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is

24    necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving

25    party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to

26    prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v.*

27    *Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations and

28    quotations omitted).

1        No such highly unusual circumstances exist here. Indeed, Plaintiffs' motion rehashes the

2   same arguments previously before the Court. Plaintiffs' argument is that they are entitled to

3   attorneys' fees for counsel's time billed before he was counsel of record, counsel's block-billed time,

4   and that they are due these fees without any reduction. The Court previously rejected Plaintiffs'

5   arguments. In their motion for reconsideration, Plaintiffs do not show clear errors of law or fact.

6   Plaintiffs fail to offer any newly discovered evidence. There is no evidence that there has been any

7   change in controlling law.

8        In sum, Plaintiffs have not demonstrated that the Court committed "clear error" or that "the

9   initial decision was manifestly unjust." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir.

10  2013) (quoting *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

11  1993)). A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of

12  finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)

13  (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)). Accordingly, the

14  Court declines to reconsider its partial denial of Plaintiffs' motion for attorneys' fees.

15  **CONCLUSION AND ORDER**

16       For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for

17  reconsideration (Doc. 134) is **DENIED**.

18

19  IT IS SO ORDERED.

20      Dated:   **February 18, 2016**           **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28