# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER and KEITHA DARQUEA, <br><br> Plaintiff, <br><br> v. <br><br> JILL GIPSON; JOSEPH BURKE; and J.E. BURKE CONSTRUCTION, INC., <br><br> Defendants. | Case No.: 1:12-cv-00261- JLT <br><br> ORDER GRANTING COUNSELS' MOTION TO WITHDRAW AS ATTORNEYS OF RECORD <br><br> (Doc. 153) |

Timothy V. Kassouni and Angela C. Thompson seek to withdraw as attorneys of record for Plaintiffs Darrell Archer and Keitha Darquea. (Doc. 153) In response, Plaintiffs filed a statement of non-opposition to the motion. (Doc. 156) For the following reasons, the motion to withdraw is **GRANTED**.

**I.     Procedural History**

Plaintiffs, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing on February 23, 2012. (Doc. 1) Plaintiffs proceeded *pro se* until July 2, 2015, at which time the Court approved substitutions of attorney for Timothy Kassouni and Angela Thompson. (Docs. 92-95)

A jury trial was held in the matter, beginning August 4, 2015. The jury found in favor of Plaintiffs on their claims that the defendants violated Plaintiffs' Fourth Amendment rights by unlawfully seizing their personal property without a warrant, and that these Defendants deprived

1

Plaintiffs of their due process rights by failing to provide adequate notice and opportunity to be heard prior to seizing their personal property. The jury awarded compensatory damages to Plaintiffs of $937.36 "plus interest due as of [August 6, 2015]" against Defendant Gipson and $1.00 against Joseph Burke and/or J.E. Burke Construction, Inc. (Doc. 121) In addition, the jury awarded punitive damages of $800.00 against Defendant Gipson and $200.00 against J.E. Burke Construction, Inc. (Doc. 122). Final judgment was entered by the Court on August 10, 2015. (Doc. 125).

Plaintiffs filed a motion for attorney fees, which was granted in part on December 28, 2015. (Doc. 133) Plaintiffs filed a request for reconsideration on January 25, 2016 (Doc. 134), as well as a Notice of Appeal of the Court's order on January 27, 2016. (Doc. 135)

On March 8, 2016, Timothy Kassouni filed a motion to withdraw as counsel before the Ninth Circuit.[1] In addition, Angela Thompson filed a motion to withdraw on April 1, 2016. The Court granted the requests to withdraw as counsel on June 10, 2016, and terminated Mr. Kassouni and Ms. Thompson as counsel. The Ninth Circuit dismissed Plaintiffs' appeal for failure to prosecute on September 13, 2016.

On March 14, 2017, Mr. Kassouni and Ms. Thompson filed the motion to withdraw as counsel now pending before the Court. (Doc. 153) Plaintiffs filed a notice of non-opposition to the motion. Defendants did not file a response to the motion. The Court found the matter suitable for decision without a hearing, and the matter was taken under submission pursuant to Local Rule 230(g).

## II. Discussion and Analysis

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.,* 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the Ninth Circuit's docket in Case No. 16-15121.

2

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2.

Mr. Kassouni and Ms. Thompson report, "there has been an irremediable breakdown in communication between me and the plaintiffs, such that the attorney-client relationship is no longer a viable one." (Doc. 153-2 at 2, Kassouni Decl. ¶ 2(a); Doc. 153-3 at 2, Thompson Decl. ¶ 2(a)) In addition, Mr. Kassouni and Ms. Thomspon assert that Plaintiffs "have breached, and are in continuing breach of, an agreement and obligation to me as to expenses and fees." (*Id.*, ¶2(b)). The declarations include affirmations that all parties, including Plaintiffs, were served with the documents required by the California rules.

Plaintiffs responded to the motion, asserting "they are glad" to have the individuals withdraw their representation. (Doc. 156 at 1) However, Plaintiffs contend they "are experiencing some confusion in the matter because Timothy Kassouni and Angela Thompson served Plaintiffs documents on March 8, 2016 titled 'Motion to Withdraw as Counsel[']," but contend the motion "was never filed." (*Id.* at 2) In addition, Plaintiffs report they "consider Kassouni and Thompson not to be their attorneys for some time prior to that day and thereafter." (*Id.*)

Notably, it appears the sources of Plaintiffs' confusion are the motions to withdraw that were filed more than a year ago with the Ninth Circuit. Indeed, the exhibits attached to Plaintiff's notice of non-opposition are the motions filed before the appellate court in 2016, rather than the motion now

3

pending before the Court. Regardless, the motions were, in fact, filed with both the Ninth Circuit and District Courts. The Ninth Circuit granted the requests from Mr. Kasssouni and Ms. Thompson to withdraw from representation in that Court on June 10, 2016. As a result, it is clear that there has been breakdown of the relationship between Plaintiffs and their attorneys since well before the motion was filed.

The Court finds there would be no prejudice to Defendants if counsel withdraw and no harm to the administration of justice. There would be no delay to the resolution of the matter, as final judgment has been entered and the appeal before the Ninth Circuit has been dismissed. Accordingly, the circumstances of this action weigh in favor of the motion to withdraw being granted.

### III. Conclusion and Order

Timothy V. Kassouni and Angela C. Thompson followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiffs' attorneys, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. See LR 182.

Accordingly, the Court **ORDERS**:

1. The motion to withdraw is **GRANTED** and Angela Thompson and Timothy Kassouni are relieved from representation in this matter;

2. The Clerk's Office **SHALL TERMINATE** Angela Thompson and Timothy Kassouni as "Lead Attorneys to be Noticed" for Plaintiffs in the Court docket, and update the docket to reflect Plaintiffs now appearing pro se and his last known contact information as follows:

   > Darrel Archer and Keitha Darquea
   > P.O. Box 4054
   > Vallejo, CA 94590

IT IS SO ORDERED.

Dated: **April 19, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4