1

2

3

4

5

6

7

8     **UNITED STATES DISTRICT COURT**

9     **EASTERN DISTRICT OF CALIFORNIA**

10

11    DARRELL ARCHER and KEITHA           )   Case No.: 1:12-cv-0261-LJO JLT
      DARQUEA,                            )
12                                        )   ORDER DENYING PLAINTIFFS' MOTION FOR
                 Plaintiffs,              )   POST-JUDGMENT DISCOVERY RELATED TO
13                                        )   DEFENDANTS' FINANCES
             v.                           )
14                                        )   (Doc. 162)
      JILL GIPSON, et al.                 )
15                                        )
                 Defendants.              )
16    _____     )

17           Plaintiffs Darrell Archer and Keitha Darquea seek to compel Jill Gipson, J.E. Burke

18    Construction, and Joseph Burke to respond to post-judgment discovery requests to obtain financial

19    information that Plaintiffs contend is "necessary … to assist them in the collection of their judgment."

20    (Doc. 162)  For the reasons set forth below, the motion is **DENIED**.

21    **I.      Relevant Background**

22           Plaintiffs, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by

23    filing on February 23, 2012.  (Doc. 1)  Plaintiffs proceeded *pro se* until July 2, 2015, at which time the

24    Court approved substitutions of attorney for Timothy Kassouni and Angela Thompson.  (Docs. 92-95)

25           A jury trial was held in the matter, beginning August 4, 2015.  The jury found in favor of

26    Plaintiffs on their claims that the defendants violated Plaintiffs' Fourth Amendment rights by

27    unlawfully seizing their personal property without a warrant, and that these Defendants deprived

28    Plaintiffs of their due process rights by failing to provide adequate notice and opportunity to be heard

1

prior to seizing their personal property. The jury awarded compensatory damages to Plaintiffs of $937.36 "plus interest due as of [August 6, 2015]" against Defendant Gipson and $1.00 against Joseph Burke and/or J.E. Burke Construction, Inc. (Doc. 121) In addition, the jury awarded punitive damages of $800.00 against Defendant Gipson and $200.00 against J.E. Burke Construction, Inc. (Doc. 122) Final judgment was entered by the Court on August 10, 2015. (Doc. 125)

Plaintiffs filed a motion for attorney fees, which was granted in part on December 28, 2015, in the amount of $50,287.83. (Doc. 133) Plaintiffs filed a request for reconsideration related to the amount of fees awarded on January 25, 2016 (Doc. 134), as well as a Notice of Appeal of the Court's order on January 27, 2016. (Doc. 135) The Ninth Circuit dismissed the appeal for failure to prosecute on September 13, 2016.

On October 27, 2019, Plaintiffs filed the motion now pending before the Court, seeking to compel Defendants to respond to post-judgment discovery requests, asserting discovery was necessary to obtain "information to assist [Plaintiffs] in the collection of their judgment." (Doc. 162 at 2) Therefore, Plaintiffs report they served discovery requests in September 2019 related to "the whereabouts of Defendants (sic) finances to aid in collection of the judgment," including "information on property owned by Defendants,… bank information and other financial information" pursuant to Rule 69 of the Federal Rules of Civil Procedure and Cal. Code of Civil Pro. § 708.030 . (*Id.*)

Defendants filed their opposition on December 2, 2019, reporting a check was issued and delivered to Plaintiffs in November 2016, which covered both the judgment and attorneys' fees ordered by the Court. (Doc. 164) In response, Plaintiffs acknowledge the check was received, but maintain they received "no satisfaction of judgment and an uncashable check." (Doc. 165 at 2)

## II.    Legal Standards

A judgment creditor may obtain discovery from any person, including a judgment debtor, as provided in the Federal Rules of Civil Procedure or "by the procedure of the state where the court is located." Fed. R. Civ. P. 69(b).

Rule 33 of the Federal Rules of Civil Procedure authorizes a party to propound interrogatories, while and Rule 34 authorizes a party to request to inspect documents. *See* Fed. R. Civ. P. 33, 34. In addition, the California Code of Civil Procedure provides that a judgment creditor may propound

written interrogatories and inspection demands to a judgment debtor requesting information to aid in enforcement of the money judgment. *See, e.g.,* Cal. Civ. Proc. Code § 708.020(a) ("The judgment creditor may propound written interrogatories to the judgment debtor . . . requesting information to aid in enforcement of the money judgment"); Cal. Civ. Proc. Code § 708.030(a) ("The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made . . . if the demand requests information to aid in enforcement of the money judgment.").

Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order compelling disclosure or discovery after a good faith attempt to confer with a party failing to make disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Likewise, the California Code of Civil Procedure provides that when a responding party fails to answer an interrogatory or request for inspection authorized by those statutes, post-judgment discovery may be enforced in the same manner as discovery in a civil action. Cal. Civ. Proc. Code §§ 708.020, 708.030.

## III.    Discussion and Analysis

Seeking post-judgment discovery, Plaintiffs note that they obtained an execution of judgment on November 9, 2016. (Doc. 162 at 3)  According to Plaintiffs, "On September 5, 2019 all Defendants were served with a Request for Post Judgment Discovery Set 1." (*Id.*)  Plaintiffs report they did not receive responses to their requests, and the motion to compel was "a necessary action and good causes exists to aid Plaintiffs in their attempt to collect their judgment." (*Id.*)  Plaintiffs maintain they "need to know the whereabouts of Defendants (sic) finances to aid in the collection of the judgment. (*Id.*)

Opposing the motion, Defendants produced a copy of the check issued to Plaintiffs and their attorneys on November 21, 2016, in the amount of $52,028.83. (Doc. 164 at 12)  Defendants maintain Plaintiffs are not entitled to the discovery requested related to their finances because they "delivered payment of the judgment on November 30, 2016." (*Id.* at 1)  According to Defendants, the motion now before the Court was filed "for the sole purpose of annoying and harassing Defendants and their attorneys." (*Id.* at 2)

In reply, Plaintiffs report "it is true that an insurance company did send Plaintiffs a check

which was supposed to cover the judgment." (Doc. 165 at 1-2)  However, Plaintiffs maintain the check was "uncashable" because it was also made out to two other people.  (*Id.* at 2)  Plaintiffs assert they made "a request for the other two individuals to sign the check but to no avail, leaving Plaintiffs with no satisfaction of judgment." (*Id.*)  In addition, Plaintiffs contend they "attempted to contact the Insurance Company which issued the check to discuss the matter but were unable to make contact with anyone with authority to reissue a check with only Plaintiffs names on it."  (*Id.*)  According to Plaintiffs, "It is clear that judgment was given to Darrell Archer and Keitha Darquea and to no one else, therefore to satisfy a judgment, payment [was] to be made to Darrell Archer and Keitha Darquea and to no one else."  (*Id.*)

Significantly, Plaintiffs failed to acknowledge receipt of the check in bringing the motion, thus misleading the Court with the events that had transpired prior to the filing of the motion.  As they now acknowledge, Defendants *did* issue a check to Plaintiffs and their attorneys in November 2016.  There are no details provided by Plaintiff as to the efforts undertaken to cash this check.  For example, Plaintiffs fail to report if or when they took the check to a financial facility to deposit—or cash—the check and were turned away from doing so.  In addition, Plaintiffs fail to assert when they contacted their attorneys Timothy Kassouni and Angela Thompson regarding signing the check, or that the attorneys refused to do so.  Indeed, the Court finds it unlikely that counsel would refuse to execute the received check in light of the fact that the vast majority of money was for payment of fees ordered by the Court.  Moreover, there is no explanation as to why Plaintiffs waited nearly three years from the issuance of the check to seek post-judgment discovery or raise the issue before the Court.

Regardless, the issues presented by Plaintiff do not relate to *collection* of fees. Because Defendants issued a check to Plaintiffs and their attorneys which would satisfy the judgment and attorneys fees ordered, Plaintiffs are not entitled to discovery related to the finances of the defendants and the whereabouts of their assets.

///
///
///
///

4

**IV.    Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**: Plaintiffs' motion to compel post- discovery related to Defendants' finances is **DENIED.**

IT IS SO ORDERED.

Dated:    **January 9, 2020**                            **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE