UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER and KEITHA DARQUEA,<br><br>        Plaintiffs<br><br>v.<br><br>J.E. BURKE CONSTRUCTION, et al.,<br><br>        Defendants. | No. 1:12-cv-00261-NONE-JLT<br><br><u>ORDER RE: REQUEST FOR AN ORDER OF FULL SATISFACTION; STAYING ANY FURTHER EFFORTS TO EXECUTE JUDGMENT PENDING RESOLUTION OF MOTION; REQUIRING SUPPLEMENTAL BRIEFING</u><br><br>(Doc. No. 14) |

On March 4, 2021, defendants Jill Gipson, J.E. Burke Construction, Inc., and Joseph Burke applied for an order of full satisfaction of judgment in this action. (Doc. No. 167.) Defendants claim they have satisfied the judgment entered against them in this case by sending to plaintiffs in November 2016 a check made out to plaintiffs and plaintiffs' trial counsel for the full amount of the judgment. (*Id*.) Plaintiffs refused to execute an acknowledgement of satisfaction of judgment, resulting in the pending application being submitted. (*Id*.) Plaintiffs have not responded to the application, but one of plaintiffs' trial lawyers has filed an objection on the ground that plaintiffs owe counsel a large sum of money but have refused to sign and turn over the November 2016 check for deposit into the client's trust account. (Doc. No. 169.) It is undisputed that the check was never cashed and has now expired.

1

Defendants do not invoke any particular rule of procedure or statute in connection with this application, but the court interprets it as one brought under California Code of Civil Procedure § 724.050 (titled "Demand upon judgment creditor"). *See* Fed. R. Civ. P. 69 (providing that a money judgment is enforced by a writ of execution and that the procedure of execution and any "proceedings supplementary to and in aid of judgment or execution" must "accord with the procedure of the state where the court is located").

## BACKGROUND

Plaintiffs, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 23, 2012. (Doc. No. 1.) Plaintiffs proceeded *pro se* until July 2, 2015, at which time the court approved substitutions of attorney, substituting in attorneys Timothy Kassouni and Angela Thompson as counsel of record for plaintiffs. (Doc. Nos. 92–95.)

A jury trial was held in the matter, beginning August 4, 2015. (Doc. Nos. 117–19.) The jury found in favor of plaintiffs on their claims that defendants violated plaintiffs' Fourth Amendment rights by unlawfully seizing their personal property without a warrant, and that defendants deprived plaintiffs of their due process rights by failing to provide adequate notice and opportunity to be heard prior to seizing their personal property. The jury awarded compensatory damages to plaintiffs in the amount of $937.36 "plus interest due as of [August 6, 2015]" against defendant Jill Gipson and $1.00 against defendants Joseph Burke and/or J.E. Burke Construction, Inc. (Doc. No. 121.) In addition, the jury awarded punitive damages in the amount of $800.00 against Gipson and $200.00 against J.E. Burke Construction, Inc. (Doc. No. 122.) Final judgment was entered by this court on August 10, 2015. (Doc. No. 125.)

On December 28, 2015, the court awarded plaintiffs $50,287.83 in attorneys' fees, litigation expenses, and taxable costs. (Doc. No. 133.) An abstract of judgment in the amount of $52,028.83 issued on September 19, 2016, naming defendants as judgment creditors and listing plaintiffs' home address as the address to which any payment should be returned. (Doc. No. 150.) The abstract of judgment was recorded with the Kern County Recorder's Office on October 17, 2016. (Doc. No. 167-1 at 2.) A corresponding writ of execution was issued by this court on November 9, 2016. (Doc. No. 152.)

According to the documents presented by defendants, on November 20, 2016, defendants mailed a check in the amount of $52,028.83 to plaintiffs' address of record. (Doc. Nos. 167 at ¶ 5; 167-2; 167-3.) The check was made out to "DARREL ARCHER AND KEITHA DARQUEA AND THEIR ATTORNEYS TIMOTHY V. KASSOUNI AND ANGELA THOMPSON." (Doc. No. 167-2.) Defendants sent the check along with a transmittal letter that requested plaintiffs sign an attached "Acknowledgement of Full Satisfaction of Judgment" and return that executed acknowledgement to defendants. (Doc. No. 167-3.) It is undisputed that plaintiffs did not return an executed acknowledgement. As mentioned, it is likewise undisputed that the check sent by defendants was never cashed and has now expired.

On April 19, 2017, the court granted counsels' motion to withdraw as attorneys of record after both Attorneys Kassouni and Thompson represented that there had been a breakdown in communication between counsel and plaintiffs and that plaintiffs had breached an agreement to pay counsels' expenses and fees. (Doc. No. 158.) This left plaintiffs once again proceeding *pro se* in this action.

Due to the recording of the abstract of judgment, defendant Gipson apparently has been hampered in her attempts to obtain refinancing of a mortgage on her personal real property. (*See* Doc. No 167 at 7, ¶ 7.) Defense counsel represents that on March 1, 2021, he called plaintiffs to discuss the need for a signed acknowledgment of satisfaction of judgment, left a detailed message, but neither plaintiff returned his call. (*Id.* at ¶ 8.)

**DISCUSSION**

California Code of Civil Procedure § 724.050 provides the procedure by which a judgment debtor may demand that a judgment creditor execute and file with the court or return to the judgment debtor a written acknowledgment of satisfaction of judgment. If the judgment creditor fails to comply with the demand within fifteen (15) days, the judgment debtor making the demand may apply to the court for an order requiring the judgment creditor to comply with the demand. *Id.* at § 724.050(d). "If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of

3

the judgment." *Id*.

As a threshold matter, § 724.050(b) requires that the following, specific language be included in a demand for an acknowledgement of satisfaction of judgment:

> Important warning. If this judgment has been satisfied, the law requires that you comply with this demand not later than 15 days after you receive it. If a court proceeding is necessary to compel you to comply with this demand, you will be required to pay my reasonable attorney's fees in the proceeding if the court determines that the judgment has been satisfied and that you failed to comply with the demand. In addition, if the court determines that you failed without just cause to comply with this demand within the 15 days allowed, you will be liable for all damages I sustain by reason of such failure and will also forfeit one hundred dollars to me.

"If the judgment has been satisfied and the judgment creditor fails without just cause to comply with the demand within the time allowed," § 724.050(e) permits a court to award damages, a penalty, and attorney's fees to the judgment debtor.

Here, nothing in the record indicates that defendants included the specific language set forth in § 724.050(b) within their demand for acknowledgment of satisfaction of judgment. However, this kind of procedural noncompliance does not bar a court from determining whether a judgment has been satisfied, so long as the court does not award damages, penalties, or attorney's fees to the judgment debtor. *See Quintana v. Gibson*, 113 Cal. App. 4th 89, 96 (2003) (finding that failure to comply with the specific procedural demand requirements of § 724.050 did not prejudice the judgment creditor because the court did not award any damages, penalty, or attorney's fees). Here, defendants have not requested damages, penalties, or attorney's fees, so there is no reason to conclude that defendants' procedural noncompliance has or could prejudice plaintiffs. It is therefore proper for the court to proceed to the question of whether to order entry of satisfaction of judgment.

Section 724.050 "has been interpreted to require the trial court to first determine whether the judgment has been satisfied in fact before ordering entry of satisfaction of judgment." *Schumacher v. Ayerve*, 9 Cal. App. 4th 1860, 1863 (1992) (internal citations and quotations omitted). Where the sufficiency of the amount tendered is disputed, a judgment creditor may legitimately refuse to acknowledge satisfaction of a judgment. *See id*. at 1862. That is not the

4

case here.  The amount tendered is equal to the amount set forth in the September 19, 2016 abstract of judgment.  No party suggests any additional sums were due.  Plaintiffs simply failed to take steps to execute and cash the check delivered to them.  Yet, a creditor may evidence acceptance of a payment as full satisfaction "*actually or by implication*," such as by retaining a check for an "unreasonable length of time without protest as to its being in full payment, even though uncashed." *Besco Enters., Inc. v. Carole, Inc.*, 274 Cal. App. 2d 42, 43–45 (1969) (emphasis in original).[1]  Plaintiffs did just this, holding onto the check provided by defendants until it expired.  Therefore, it may be appropriate to find that the payment has been accepted by implication.  Nonetheless, the court has concerns about whether that result would be just under the circumstances.

Attorney Kassouni, through counsel of his own, explains that as of November 2016, plaintiffs and Attorneys Kassouni and Thompson were engaged in a lawsuit over legal services provided and the fees for those services.  (Doc. No. 169-1 at ¶¶ 2–3.)  Attorney Kassouni sent a letter to plaintiffs demanding that they sign the check and then turn it over to Kassouni's firm to be placed in the client trust fund account for plaintiffs.  (*Id*. at ¶ 4.)  On July 13, 2017, plaintiff Darrell Archer informed Attorney Kassouni that the check had expired uncashed.  (*Id*. at ¶ 6.)  Attorney Kassouni has also submitted judicially noticeable documents indicating that on August 16, 2019, he obtained a judgment in the amount of $27,769.17 against plaintiffs (his former clients).  (Doc. No. 169-2 at 23.)  Costs were later awarded in the amount of $10,200.60.  (*See id*. at 24–33.)  As of March 9, 2021, Attorney Kassouni claims that plaintiffs owe him $40,834.58 with interest accruing every day at the rate of $10.41 per day.  (Doc. No. 169-1 at ¶ 13.)

What is missing from Attorney Kassouni's objection to the pending motion in this action, however, is any authority suggesting that the underlying dispute over fees between him and

---

[1] In *Besco*, there was a dispute as to the amount due under the judgment, so the court turned to the law of "accord and satisfaction" to determine whether the tendered check that arguably constituted only partial payment had been accepted.  274 Cal. App. 2d at 44.  The concepts of accord and satisfaction are relevant here because "a money judgment is satisfied if it is either paid in full or if there is, for example, an accord and satisfaction." *Lucky United Props. Inv., Inc. v. Lee*, 185 Cal. App. 4th 125, 148 (2010), *as modified on denial of reh'g* (June 28, 2010) (citing Cal. Civ. Pro. Code § 724.010(a)).

plaintiffs undermines the simple reality that defendants sent plaintiffs a check sufficient to cover the entire judgment due. Defense counsel received electronic notice of the form of the abstract of judgment issued in September 2019 and the associated writ of attachment issued in November 2019. (*See* Doc. Nos. 150, 152.) Nothing in the record before this court demonstrates that either of plaintiffs' trial counsel objected either to the court or to defendants in a timely manner following the issuance of the abstract of judgment, the writ of execution, or the check to plaintiffs.[2] While the court finds no reason to blame Attorney Kassouni for this situation, the record does not support placing upon defendants the entire burden of the apparently ongoing dispute between plaintiffs and counsel.

That said, allowing defendants to obtain an order indicating they have satisfied the judgment under these circumstances may unjustly enrich defendants at the expense of complicating collection of the judgment obtained against plaintiffs by their former trial counsel. Because the check went uncashed, defendants have thus far paid nothing toward a somewhat significant judgment. However, the parties have not directed the court to any procedure or authorities that would empower the court to address this situation. Although certain parties to this case appear incapable of effectively communicating with each other, the court will direct all interested parties (defense counsel, plaintiffs' former counsel, and plaintiffs) to meet and confer telephonically within seven (7) days of this order to determine whether they can resolve the dispute over satisfaction of judgment without further judicial intervention.[3] Thereafter, within fourteen (14) days of the date of this order, the parties are directed to either file a stipulation setting forth their agreement or a joint status report setting forth their respective positions. As part of any joint status report, Attorney Kassouni shall set forth any authorities he believes

---

[2] It is clear that Attorney Kassouni was aware no later than January 12, 2017 that defendants had issued the check to plaintiffs, as evidenced by documents Attorney Kassouni has filed in this case. (*See* Doc. No. 169-1 at 6.)

[3] For example, in light of the offsetting judgments in favor of and against plaintiffs, it may be beneficial to all parties to enter a settlement agreement splitting the judgment in this case between plaintiffs and plaintiffs' counsel in exchange for plaintiffs' counsel forgiving all or some of the judgment it possesses against plaintiffs. If the parties believe a settlement conference would be helpful, they may contact the court to schedule one before a magistrate judge of this court.

empower the court to act in a manner consistent with his interests.  Plaintiffs and Attorney Kassouni are forewarned that the court is currently inclined to grant defendants' motion if the matter is not resolved by stipulation.

In the interim, the court will stay any further efforts to execute on the judgment in this case.  *See Erlich v. Superior Ct. of Los Angeles Cty.*, 63 Cal. 2d 551, 556 (1965) (a court has "broad discretion in determining whether to . . . enjoin collection of [a] judgment" pending resolution of a dispute over that judgment).  Pursuant to this stay, the clerk of court is directed to decline to process any further requests related to execution of judgment until further notice.

IT IS SO ORDERED.

Dated:   **May 4, 2021**

UNITED STATES DISTRICT JUDGE