UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ARCHER and KEITHA DARQUEA,<br><br>Plaintiffs<br><br>v.<br><br>J.E. BURKE CONSTRUCTION, et al.,<br><br>Defendants. | No. 1:12-cv-00261-NONE-JLT<br><br>FURTHER ORDER RE: REQUEST FOR AN ORDER OF FULL SATISFACTION<br><br>(Doc. No. 167) |

Plaintiffs Darrel Archer and Keitha Darquea, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 23, 2012. (Doc. No. 1.) Plaintiffs proceeded *pro se* until July 2, 2015, at which time the court allowed attorneys Timothy Kassouni and Angela Thompson to substitute in as counsel of record for plaintiffs. (Doc. Nos. 92–95.)

A jury trial was held in the matter, beginning August 4, 2015. (Doc. Nos. 117–19.) The jury found in favor of plaintiffs on their claims that defendants Jill Gipson, J.E. Burke Construction, Inc., and Joseph Burke violated plaintiffs' Fourth Amendment rights by unlawfully seizing their personal property without a warrant and that defendants deprived plaintiffs of their due process rights by failing to provide adequate notice and opportunity to be heard prior to seizing their personal property. The jury awarded compensatory damages to plaintiffs in the amount of $937.36 "plus interest due as of [August 6, 2015]" against defendant Jill Gipson and

1

$1.00 against defendants Joseph Burke and/or J.E. Burke Construction, Inc. (Doc. No. 121.) In addition, the jury awarded punitive damages in the amount of $800.00 against Gipson and $200.00 against J.E. Burke Construction, Inc. (Doc. No. 122.) Final judgment was entered by this court on August 10, 2015. (Doc. No. 125.)

On December 28, 2015, the court awarded plaintiffs $50,287.83 in attorneys' fees, litigation expenses, and taxable costs. (Doc. No. 133.) An abstract of judgment in the amount of $52,028.83 issued on September 19, 2016, naming defendants as judgment creditors and listing plaintiffs' home address as the address to which any payment should be returned. (Doc. No. 150.) The abstract of judgment was recorded with the Kern County Recorder's Office on October 17, 2016. (Doc. No. 167-1 at 2.) A corresponding writ of execution was issued by this court on November 9, 2016. (Doc. No. 152.)

According to the documents presented by defendants, on November 20, 2016, defendants mailed a check in the amount of $52,028.83 to plaintiffs' address of record. (Doc. Nos. 167 at 6, ¶ 5; 167-2; 167-3.) The check was made out to "DARREL ARCHER AND KEITHA DARQUEA AND THEIR ATTORNEYS TIMOTHY V. KASSOUNI AND ANGELA THOMPSON." (Doc. No. 167-2.) Defendants sent the check along with a transmittal letter that requested plaintiffs sign an attached "Acknowledgement of Full Satisfaction of Judgment" and return that executed acknowledgement to defendants. (Doc. No. 167-3.) It is undisputed that plaintiffs did not return an executed acknowledgement. It is also undisputed that the check was never cashed and has now expired.

On April 19, 2017, the court granted counsels' motion to withdraw as attorneys of record after both Attorneys Kassouni and Thompson represented that there had been a breakdown in communication between counsel and plaintiffs and that plaintiffs had breached an agreement to pay counsels' expenses and fees. (Doc. No. 158.) This left plaintiffs once again proceeding *pro se* in this action.

Due to the recording of the abstract of judgment, defendant Gipson apparently has been hampered in her attempts to obtain refinancing of a mortgage on her personal real property. (*See* Doc. No 167 at 7, ¶ 7.) On March 4, 2021, defendants Jill Gipson, J.E. Burke Construction, Inc.,

and Joseph Burke applied for an order of full satisfaction of judgment in this action. (Doc. No. 167.) Defendants claim to have satisfied the judgment entered against them by sending the November 2016 check made out to plaintiffs and plaintiffs' trial counsel for the full amount of the judgment. (*Id*.)

Defendants did not invoke any particular rule of procedure or statute in connection with their application, but the court interprets it as one brought under California Code of Civil Procedure ("CCCP") § 724.050 (titled "Demand upon judgment creditor"). *See* Fed. R. Civ. P. 69(a)(1) (providing that a money judgment is enforced by a writ of execution and that the procedure of execution and any "proceedings supplementary to and in aid of judgment or execution" must "accord with the procedure of the state where the court is located").

CCCP § 724.050 provides the procedure by which a judgment debtor may demand that a judgment creditor execute and file with the court or return to the judgment debtor a written acknowledgment of satisfaction of judgment. If the judgment creditor fails to comply with the demand within fifteen (15) days, the judgment debtor making the demand may apply to the court for an order requiring the judgment creditor to comply with the demand. *Id*. at § 724.050(d). "If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment." *Id*.

Section 724.050 "has been interpreted to require the trial court to first determine whether the judgment has been satisfied in fact before ordering entry of satisfaction of judgment." *Schumacher v. Ayerve*, 9 Cal. App. 4th 1860, 1863 (1992) (internal citations and quotations omitted). Where the sufficiency of the amount tendered is disputed, a judgment creditor may legitimately refuse to acknowledge satisfaction of a judgment. *See id*. at 1862. That is not the case here. The amount tendered is equal to the amount set forth in the September 19, 2016 abstract of judgment. No party suggests any additional sums were due. (*See infra* n. 1.)

A creditor may evidence acceptance of a payment as full satisfaction "*actually or by implication*," such as by retaining a check for an "unreasonable length of time without protest as to its being in full payment, even though uncashed." *Besco Enters., Inc. v. Carole, Inc*., 274 Cal.

3

App. 2d 42, 43–45 (1969) (emphasis in original). Plaintiffs arguably did just this, holding onto the check provided by defendants until it expired.

In a May 5, 2021 order, the court indicated that it "may be appropriate to find that the payment has been accepted by implication. Nonetheless, the court has concerns about whether that result would be just under the circumstances." (Doc. No. 170 at 5–6.) The court provided the following explanation, which, for the sake of expedience, it quotes at length here:

> Attorney Kassouni, through counsel of his own, explains that as of November 2016, plaintiffs and Attorneys Kassouni and Thompson were engaged in a lawsuit over legal services provided and the fees for those services. (Doc. No. 169-1 at ¶¶ 2–3.) Attorney Kassouni sent a letter to plaintiffs demanding that they sign the check and then turn it over to Kassouni's firm to be placed in the client trust fund account for plaintiffs. (*Id.* at ¶ 4.) On July 13, 2017, plaintiff Darrell Archer informed Attorney Kassouni that the check had expired uncashed. (*Id.* at ¶ 6.) Attorney Kassouni has also submitted judicially noticeable documents indicating that on August 16, 2019, he obtained a judgment in the amount of $27,769.17 against plaintiffs (his former clients). (Doc. No. 169-2 at 23.) Costs were later awarded in the amount of $10,200.60. (*See id.* at 24–33.) As of March 9, 2021, Attorney Kassouni claims that plaintiffs owe him $40,834.58 with interest accruing every day at the rate of $10.41 per day. (Doc. No. 169-1 at ¶ 13.)
>
> What is missing from Attorney Kassouni's objection to the pending motion in this action, however, is any authority suggesting that the underlying dispute over fees between him and plaintiffs undermines the simple reality that defendants sent plaintiffs a check sufficient to cover the entire judgment due. Defense counsel received electronic notice of the form of the abstract of judgment issued in September 2019 and the associated writ of attachment issued in November 2019. (*See* Doc. Nos. 150, 152.) Nothing in the record before this court demonstrates that either of plaintiffs' trial counsel objected either to the court or to defendants in a timely manner following the issuance of the abstract of judgment, the writ of execution, or the check to plaintiffs. While the court finds no reason to blame Attorney Kassouni for this situation, the record does not support placing upon defendants the entire burden of the apparently ongoing dispute between plaintiffs and counsel
>
> That said, allowing defendants to obtain an order indicating they have satisfied the judgment under these circumstances may unjustly enrich defendants at the expense of complicating collection of the judgment obtained against plaintiffs by their former trial counsel. Because the check went uncashed, defendants have thus far paid nothing toward a somewhat significant judgment. However, the parties have not directed the court to any procedure or authorities that would empower the court to address this situation. Although certain parties to this case appear incapable of effectively communicating with each other, the court will direct all interested

4

> parties (defense counsel, plaintiffs' former counsel, and plaintiffs) to meet and confer telephonically within seven (7) days of this order to determine whether they can resolve the dispute over satisfaction of judgment without further judicial intervention. Thereafter, within fourteen (14) days of the date of this order, the parties are directed to either file a stipulation setting forth their agreement or a joint status report setting forth their respective positions. As part of any joint status report, Attorney Kassouni shall set forth any authorities he believes empower the court to act in a manner consistent with his interests. Plaintiffs and Attorney Kassouni are forewarned that the court is currently inclined to grant defendants' motion if the matter is not resolved by stipulation.

(*Id*. at 5–7 (footnotes omitted).)

On May 18, 2021, plaintiffs filed an opposition to the request for full satisfaction of judgment, which appears to have been authored before the above-ordered meet and confer had taken place. (Doc. No. 171.) Plaintiffs indicate therein, although the court notes that the document is not signed under penalty of perjury, that they were "unable to cash the check because Kassouni and Thompson would not sign off on it." (*Id*. at 2.) Plaintiffs claim they attempted to contact the insurance company that issued the check but were told the person handling the matter was on vacation and that he was the only person who could act on the matter. (*Id*.) According to plaintiffs, "[b]y the time [that agent] was supposed to be back from vacation the check had expired."[1] Plaintiffs maintain that the check was not proper satisfaction of the judgment because it was made out to individuals who were not beneficiaries of the judgment entered by this court. (*Id*. at 3.)

On May 19, 2021, defendants and Attorney Kassouni filed a joint status report detailing the result of the attempted meet and confer and providing their respective positions. (Doc. No. 172.) According to Attorney Kassouni, the parties were able to reach agreement on certain disputes as follows:

> (1) the amount of the outstanding judgment in favor of Darrell Archer and Keitha Darquea as of November 30, 2016, was $52,028.83; (2) the check mailed on November 30, 2016, in the amount of $52,028.83, caused a cessation of the accrual of interest; (3) Tim Kassouni has a judgment in his favor and against Mr.

---

[1] Plaintiffs' May 18, 2021 filing suggested that the original payment failed to include the interest due at that time. (Doc. No. 171 at 2.) The parties' joint status report indicates this dispute has been resolved. (Doc. No. 172 at 2.)

<blockquote>
Archer and Ms. Darquea for the value of his unpaid attorneys' fees in the sum of $41,448.77 (as of May 6, 2021, with interest accruing at the daily rate of $10.41 each day thereafter).
</blockquote>

(*Id*. (footnote omitted).) However, the parties were unable to reach agreement on how the funds should be distributed. Defendants are willing to issue new checks if plaintiffs and Attorney Kassouni could reach agreement, but plaintiffs and Attorney Kassouni were apparently unable to reach an agreement on the amount to be distributed to each. (*Id*. at 2.) According to Attorney Kassouni, this leaves the court with several "unenviable" options, including:

<blockquote>
(1) denying the motion outright, which will just leave the parties to their own devices and would be fundamentally unfair to Ms. Gipson, or (2) granting the motion outright, which would leave Mr. Kassouni to his own devices to collect his judgment and which would be fundamentally unfair to Mr. Kassouni, or (3) the most equitable option, directing the judgment debtor to pay to Mr. Kassouni the amount he is owed by Mr. Archer and Ms. Darquea and remit the remainder to the judgment creditors and only the judgment creditors.
</blockquote>

(Doc. No. 172 at 2.)

Attorney Kassouni takes the position that defendants' issuance of a check to plaintiffs and their former attorneys was "understandable" in light of the fact that any attorney's fees owed to those attorneys would operate as a lien against any award to plaintiffs, but asserts that the approach taken by defendants did not actually satisfy the judgment because it could not actually be cashed by the judgment creditors (i.e., plaintiffs) without the consent of their counsel. (*See id.* at 3–4.) Attorney Kassouni advocates for the third option listed above: having the court enter an order directing defendants to issue one check to Attorney Kassouni for $41,448.77 (plus interest accruing at the daily rate of $10.41 from May 6, 2021) and one to plaintiffs for the balance of the judgment. (*See id*. at 5.) Attorney Kassouni maintains this court has the power to do so because the fees owed to him operate as a priority lien against the judgment entered in this case. (*Id*.) There is support for this assertion. Under California law, a lien for attorneys' fees arises by operation of law with a priority date of the date the retainer agreement was entered into, *Crasnick v. Marquez*, 248 Cal. App. 4th Supp 1, *6 (2016) (citing *Little v. Amber Hotel Co.*, 202 Cal. App. 4th 280, 293 (2011) ("attorney's lien arises upon execution of the retainer agreement").) Although the lien is unenforceable until a fee award is reduced to judgment , *id*., the priority of

6

any such lien is determined by the retainer agreement, which in this case was signed June 29, 2015, (*see* Doc. No. 172-1), and thus predates the August 10, 2015 judgment in this case, (*see* Doc. No. 125).

Attorney Kassouni suggests this court may therefore offset these judgments against one another pursuant to CCCP § 708.470, which provides:

> If the judgment debtor is entitled to money or property under the judgment in the action or special proceeding and a lien created under this article exists, upon application of any party to the action or special proceeding, the court may order that the judgment debtor's rights to money or property under the judgment be applied to the satisfaction of the lien created under this article as ordered by the court. Application for an order under this section shall be on noticed motion. The notice of motion shall be served on all other parties. Service shall be made personally or by mail.[2]

Attorney Kassouni's suggestion appears to be well founded. He possesses a judgment against plaintiffs. Even though he has thus far been able to obtain a writ of execution, the authorities outlined above suggest that judgment perfects an attorney's fee lien that predates plaintiffs' judgment in this case. Nonetheless, Attorney Kassouni has not followed the proper procedure regarding such a request. The court does not believe the joint status report qualifies as a "noticed motion." Moreover, related provisions within the same Article (Article 5, Lien in Pending Action or Proceeding) as CCCP § 708.740 appear to require other procedural steps. Therefore, Attorney Kassouni is directed to file a noticed motion in accordance with the requirements of the procedure he invokes. Any such motion shall be filed within twenty-one (21) days of the date of this order. If at any point Attorney Kassouni decides not to file such a motion, he shall notify the court of that decision immediately.

/////
/////
/////
/////
/////

---

[2] Attorney Kassouni also relies on CCCP § 708.470(b), which allows the holder of a lien subject to CCCP § 708.470 to intervene in an "action or special proceeding."

7

The court regrets the delays that have impacted this dispute. However, the ongoing judicial resource emergency in the Eastern District of California has caused extraordinary backlog, particularly in civil cases. The parties are instructed therefore to be particularly careful to concisely but completely brief the matters in dispute.

IT IS SO ORDERED.

Dated: **June 29, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE